PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MAURICIO BONILLA SICILIANO, | ) | CASE NO. 4:11CV01351 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Jose Mauricio Bonilla Siciliano filed this *Bivens*[1] action against

Corrections Corporation of America ("CCA").  ECF No. 1.  In the Complaint, Plaintiff alleges

that he was convicted of a conduct violation without a proper hearing.  ECF No. 1 at 1-8.  He

seeks monetary and injunctive relief.  ECF No. 1 at 7-8.

## I. Background

Plaintiff was charged with a conduct violation for fighting with another inmate on April

24, 2011.  ECF 1 at 2.  Officer Spurlock observed a group of inmates engaging in a physical

altercation on the basketball court.  ECF No. 1-3 at 1.  Plaintiff was served with an incident

report later that day, which indicated he had been identified on a video surveillance tape as one of

the participants.  ECF No. 1-2 at 1.  Two days later, he was served with a revised incident report

which indicated the Officer had witnessed an inmate throwing water on another inmate.  ECF

No. 1-3 at 1.  This report again indicated that Plaintiff and had been identified by video

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  While Plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law.  Plaintiff is a federal prisoner, in the custody of the Bureau of Prisons.  *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11CV01351)

surveillance as a participant in this action.  ECF Nos. 1 at 2; 1-3 at 1.

Plaintiff contends he was not given a proper hearing on the charges.  ECF No. 1 at 1-8.

He indicates Bureau of Prisons regulations require the Unit Disciplinary Committee ("UDC") to

review the case within three business days of the issuance of the conduct report.  ECF No. 1-4 at

1.  The UDC can drop the charges, resolve the matter informally, or refer it to the Disciplinary

Hearing Officer ("DHO").  ECF No. 1-4 at 1.  He claims that he made numerous inquiries, but

the UDC did not meet to consider his case.  ECF No. 1 at 2-3.  Instead, he was served with a

third incident report on May 23, 2011, that indicated the investigation had concluded.  ECF No. 1

at 3.  It was now believed Plaintiff threw water on another inmate in an attempt to continue the

altercation after a staff member attempted to intervene.  ECF No. 1-8 at 1.  He was also given an

Administrative Detention Order which incorrectly listed his offense as a code 224 offense for

assault rather than a code 299 offense of disruptive conduct.  ECF No. 1-9 at 1.  His case was

referred to the DHO for hearing.  ECF No. 1-8 at 1.  He was not able to contest the

Administrative Detention Order, however, because he was not permitted to be present at the

disciplinary hearing.  ECF No. 1 at 4.  He was given a copy of the DHO's decision of June 20,

2011 finding him guilty of the code 299 offense and continuing his administrative detention until

July 8, 2011.  ECF No. 1 at 4-5.  He claims he was denied procedural due process.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

(4:11CV01351)

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff cannot bring a *Bivens* action against CCA. *Bivens* is a limited remedy that

---

[2]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV01351)

provides a limited cause of action against individual federal officers who are alleged to have

acted unconstitutionally.  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).

A *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United

States Government.  *Id*.  It is only available as a cause of action against individual federal

officers.  *Id*.  CCA is a private corporation.  Because federal prisoners housed in federal

correctional facilities cannot bring a *Bivens* action against the federal prison or the United States

government, the Court sought to avoid imposing asymmetrical liability costs on private prison

facilities and declined to expand *Bivens* to provide this cause of action against a private prison

corporation as well.  *Id.* at 70-74.  Corrections Corporation of America is the only Defendant

named in the pleading.  This case, therefore, cannot proceed.

### IV.  Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

not be taken in good faith.[3]


IT IS SO ORDERED.


January 26, 2012                             /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

4